UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:07-cr-106-FtM-29SPC

KAREY LEE WOOLSEY

---

### OPINION AND ORDER

This matter comes before the Court on defendant's Motion for Modification of Term of Imprisonment (Doc. #151) and supporting documents as follows:  (1) a Verified Memorandum Brief in Support of Motion for Modification of Term of Imprisonment (18 U.S.C. § 3582(c)(2)) (Doc. #152); (2) Exhibits 1-5 (Doc. #153)[1], accepted as part of the record by Order (Doc. #154); (3) Exhibits A-E (Doc. #160)[2], accepted as part of the record by Order (Doc. #163); (4)

---

[1] The exhibits include an article from Forbes regarding defendant's musical career from prison, defendant's Bureau of Prisons Progress Report regarding classes taken during imprisonment, and flyers reflecting his participation in prison programs through inspirational music.  Also included are two letters from defendant's mother, one personal and one on behalf of her small business indicating that defendant would be re-employed after his release.

[2] The exhibits include a letter from John T. Doulette addressed to the United States Parole Commission advocating for defendant's release and expressing belief that defendant would not re-offend if given the opportunity to reenter society.  Attached are a letter from the Governor and a letter from the Office of the Lieutenant Governor of the State of Florida honoring and congratulating Mr. Doulette for his years of public service.  Also attached are a letter from the Mayor of the City of Fort Myers and the Mayor of the City of Cape Coral also recognizing Mr. Doulette's public service.

a Supplemental Verified Memorandum Brief (Doc. #166); and (5) a Reply to the United States' Belated Response to Amendment 782 Order (doc. #171).  On April 29, 2016, the government filed its Response to Amendment 782 Order (Doc. #169).

On November 19, 2014, the Federal Public Defender's Office was appointed to represent defendant in connection with his motion for relief under Amendment 782 pursuant to the Omnibus Order In Re:  Amendment 782, United States Sentencing Guidelines, Case 6:14-mc-78-Orl-22.  (Doc. #156.)  On February 10, 2016, the Federal Public Defender's Office filed a Notice (Doc. #162) indicating that it had reviewed the case, and could not argue in good faith that defendant was entitled to a reduction in his sentence.  The Federal Public Defender's Office was permitted to withdraw, defendant was granted leave to supplement his own motion, and the government was directed to file a response.  (Doc. #163.) Defendant filed a supplement, and the government filed a response that was accepted as timely filed.  On March 7, 2016, defendant filed a third Motion to Expand the Record (Doc. #164) providing copies of previously submitted documents submitted with the two prior motions (Exhibits A and B), a collection of flyers from Residential Drug Abuse Program Transition Ceremonies (Exhibit C), an excerpt of defendant's sentencing transcript (Exhibit D), and lastly a "victim impact statement" by Rachel Telfor, the witness defendant was convicted of tampering with in Count Sixteen.  As

the Court has reviewed the attachments, the motion will be granted to the extent that they will be accepted as part of the record.

Pursuant to the Omnibus Order, the United States Probation Office issued a Memorandum indicating that defendant was ineligible for a reduction in his sentence because the Court varied below the guideline range at the time of sentencing, and the sentence that was imposed is the low end of the amended guideline range. (Doc. #159.) Defendant seeks a two level downward departure by application of a 20% reduction from the new amended guideline range for a term of 121 months of imprisonment. Defendant also cites to his "extraordinary post-offense rehabilitation", society's "evolving understanding of the limited dangerousness of marijuana", defendant's reentry plan, and the unlikelihood of recidivism. (Doc. #151, pp. 1-2.)

On January 2, 2008, defendant entered a plea of guilty, which plea was accepted by the undersigned. (Docs. #62, #65.) Pursuant to a written Plea Agreement (Doc. #61), defendant pled guilty to Counts One, Three, and Sixteen of the Indictment. Count One charged defendant with knowingly conspiring to possess with intent to distribute, and with distribution of 1000 kilograms or more of marijuana. Count Three charged defendant with money laundering in property derived from illegal drug activity of a value greater than $10,000. Count Sixteen charged defendant with tampering with a witness with the intent to influence, delay, and prevent

testimony of another before the grand jury.  The remaining counts were dismissed.  Sentencing was continued to allow defendant to cooperate with the government, however the government elected not to file a § 5K1.1 substantial assistance motion because they found he was not entirely candid as to when he stopped distributing marijuana.  (Docs. #76, #123, p. 17.)  On August 4, 2008, defendant was sentenced to a term of 151 months of imprisonment and 60 months of supervised release as to Count One, and a term of 120 months of imprisonment and 36 months of supervised release as to Counts Three and Sixteen, to be served concurrently to the term of imprisonment and supervised release in Count One.  (Doc. #93.) Defendant did not appeal but did seek collateral relief, which was denied on January 20, 2011.  (Doc. #123.)

Defendant cites to the sentencing transcript in support of his request for a reduction under the retroactive Amendment 782 of the Sentencing Guidelines.  Defendant argues that the variance should be construed as the "functional equivalent of a substantial assistance motion" thereby allowing a proportional reduction in his sentence.  (Doc. #171, pp. 2-3.)  At sentencing, defendant's total offense level was a 36, and defendant's criminal history category was a 1, with a resulting guideline range of 188 to 235 months of imprisonment as to Count One.[3]  Counsel argued

---

[3] The Court will focus on Count One only as it is the only count at issue.

extensively for a term of 121 months of imprisonment being no greater than necessary to provide just punishment for the offense. Counsel expressed that defendant believed that he would be receiving a 5k1.1 motion for substantial assistance and a two level departure based on the assistance that defendant provided leading to others being indicted and for convincing the co-defendant to testify for the government.  Counsel further argued that the obstruction of justice enhancement is excessive given the fact that defendant did not seek out the witness, but rather she was sent to him to see if defendant would make a taped statement, and he asked to not be implicated without violence.  Counsel argued that defendant's risk of recidivism was significantly overstated, that he had a daughter and parents who he likely would not survive to see his release, and that defendant had never before been to prison.  (Doc. #97, pp. 18-24.)  The government saw things differently, describing defendant's actions as savvy, earning him close to $1.5 million of mostly unreported income, and sometimes doing the bad for the good at the expense of others but arguing that defendant "was the kingpin here locally".  (Id., pp. 24-28.) The government contrasted defendant's assistance compared to co-defendant Daniel Sweep's more specific and detailed information, and indicated that Mr. Sweep's testimony was more credible and corroborated.  (Id., pp. 31-32.)  When pressed, the government conceded that defendant "certainly corroborated what Mr. Sweep

would say at trial, with Mr. Sweep being more specific, and I'm sure that Mr. Woolsey helped get Mr. Sweep on board, so to speak, so I would say yes" defendant provided useful information to the government.  (Id., p. 32.)  "In the final analysis," the Court gave defendant a Booker[4] variance credit, "if you will, for the cooperation . . . "enough for the Court to give [defendant] some credit", and also based on defendant's lack of criminal history.  The Court clarified however that it thought defendant's participation in the offenses was significant.  (Id., p. 34.)  The Court varied downward and imposed a sentence of 151 months of imprisonment as to Count One.

The Court may modify a term of imprisonment after it is imposed for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Amendment 782 lowers defendant's base offense level to a 32 and his total offense level to 34, lowering his guideline range 151 to 188 months of imprisonment.  The low end of this new guideline range is 151 months, and so would have no effect on defendant's current term of 151 months of imprisonment.

Even if the variance was granted in part based on defendant's cooperation, defendant's sentence was *not* reduced pursuant to a

---

[4] United States v. Booker, 543 U.S. 220 (2005).

motion by the government because the government did not find defendant's cooperation to qualify as substantial assistance. "[I]f the district court lacked the authority to impose a sentence below a mandatory minimum at the defendant's original sentencing proceeding because the government did not file a substantial assistance motion, it cannot reduce the defendant's sentence below the mandatory minimum in a § 3582(c)(2) proceeding." United States v. Jean-Louis, 626 F. App'x 907, 909 (11th Cir. 2015) (citing Sentencing Guidelines Manual § 1B1.10(c); United States v. Hippolyte, 712 F.3d 535, 540 (11th Cir. 2013)). Therefore, the Court lacks the authority to grant the relief sought by defendant.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Expand the Record (Doc. #164) is **GRANTED** and the attached exhibits were considered.

2. Defendant's Motion for Modification of Term of Imprisonment (Doc. #151) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this   28th   day of June, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record