UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                          CASE NO: 2:07-cr-106-FtM-29SPC

KAREY LEE WOOLSEY

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Petition for Writ of Error Coram Nobis (Doc. #186) filed on June 5, 2017. The government filed a Response (Doc. #188) in opposition, and defendant was granted leave to file a reply and filed a Sur-Reply (Doc. #195).

*1. Background*

On September 12, 2007, a grand jury in Fort Myers returned a sixteen-count Indictment (Doc. #3) against Karey Lee Woolsey and his co-defendant Daniel Sweep, which also sought forfeiture of 12 identified properties. On January 2, 2008, defendant entered a plea of guilty, which plea was accepted by the undersigned. (Docs. #62, #65.) Pursuant to the written Plea Agreement (Doc. #61-2), defendant pled guilty to Counts One, Three, and Sixteen of the Indictment, and agreed to forfeit any and all assets and property subject to forfeiture including the 12 identified properties and two vehicles. The remaining counts were dismissed. Defendant also agreed to a $3 million money judgment.

On August 4, 2008, defendant was sentenced to a term of 151 months of imprisonment and 60 months of supervised release as to Count One, and a term of 120 months of imprisonment and 36 months of supervised release as to Counts Three and Sixteen, to be served concurrently to the term of imprisonment and supervised release in Count One. (Doc. #93.) Defendant did not file a direct appeal.

Defendant did seek collateral relief by filing a petition pursuant to 28 U.S.C. § 2255 on July 27, 2009. See 2:09-cv-491-FTM-29SPC. Defendant raised one ground arguing ineffective assistance of counsel because the plea was entered into based on the "misadvices" of counsel on the potential length of his sentence. Petitioner later sought to amend, which relief was granted, and petitioner added additional claims. Petitioner argued ineffective assistance of counsel: (1) in connection with his decision to cooperate resulting in an involuntary guilty plea, (2) in connection with the waiver of his post-conviction right to challenge the sentence, (3) during the cooperation that resulted in a lack of sentence reduction, (4) for failure to advance certain sentencing arguments, and (5) by failing to move for the suppression of tape recordings. The motion, as amended, was denied as to all claims on January 20, 2011. (Doc. #123.) No arguments related to the forfeiture of the real property.

A Final Judgment of Forfeiture (Doc. #122) was issued regarding the 12 properties on January 19, 2011, and title in the

identified real properties vested in the United States.  A Final

Judgment of Forfeiture for Substitute Assets (Doc. #141) was also

issued on July 23, 2012, in partial satisfaction of the $3 million

forfeiture money judgment.  Defendant did not appeal the

preliminary orders or the final judgments.  On June 28, 2016, the

Court denied a modification in defendant's sentence pursuant to 18

U.S.C. § 3582(c)(2).  (Doc. #174.)  Counsel filed the motion for

a writ of error coram nobis on June 5, 2017.

### 2. *Applicable Law*

Federal courts have authority to issue a writ of coram nobis

under the All Writs Act, 28 U.S.C. § 1651.  United States v. Mills,

221 F.3d 1201, 1203 (11th Cir. 2000).  Procedurally, the request

for the writ is filed as a motion in the criminal case, not as a

separate civil action.  United States v. Morgan, 346 U.S. 502, 505

n.4 (1954).  Whether to grant a writ of coram nobis is committed

to the sound discretion of the district court.  Alikhani v. United

States, 200 F.3d 732, 734 (11th Cir. 2000).

The authority to grant a writ of coram nobis is, however,

extremely limited.  A writ of coram nobis "is an extraordinary

remedy of last resort available only in compelling circumstances

where necessary to achieve justice."  Mills, 221 F.3d at 1203;

United States v. Mosavi, 138 F.3d 1365, 1366 n.1 (11th Cir. 1998);

United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997);

Lowery v. United States, 956 F.2d 227, 228 (11th Cir. 1992).  The

standard for coram nobis relief is high, with the Court's
jurisdiction being limited to review of errors of fact of the most
fundamental character when no other remedy is available or
adequate.  United States v. Addonizio, 442 U.S. 178, 186 (1979);
Mills, 221 F.3d at 1203-04; Lowery, 956 F.2d at 228-29.  To be
entitled to a writ of coram nobis, petitioner must show: (1) he
was not in custody at the time he filed the petition, United States
v. Peter, 310 F.3d 709, 712 (11th Cir. 2002); United States v.
Garcia, 181 F.3d 1274, 1274-75 (11th Cir. 1999); United States v.
Brown, 117 F.3d 471, 475 (11th Cir. 1997); (2) there is and was no
other available and adequate avenue of relief, Alikhani, 200 F.3d
at 734; Mills, 221 F.3d at 1204; (3) the error alleged "involves
a matter of fact of the most fundamental character which has not
been put in issue or passed upon and which renders the proceeding
itself irregular and invalid," Alikhani, 200 F.3d at 734 (quoting
Moody v. United States, 874 F.2d 1575, 1576-77 (11th Cir. 1989));
and (4) there are sound reasons for failing to seek relief earlier,
Mills, 221 F.3d at 1204.

### 3. Application

Defendant fails to satisfy any of the requirements.  It is
undisputed that defendant is still in custody, and further that
defendant had other avenues of relief that he failed to pursue.
For example, defendant could have filed a direct appeal of the
Preliminary Order of Forfeiture (Doc. #92) and the Criminal

Judgment (Doc. #93) relating to the forfeiture.  United States v. Flanders, 752 F.3d 1317, 1343 (11th Cir. 2014).  Defendant did not.  Defendant also did not raise the issue of ineffective assistance of counsel in his post-conviction motion with regard to the forfeiture of real property.

In response to the argument that defendant remains in custody and therefore his claim is barred, defendant argues that the Court may consider the writ as a motion under 28 U.S.C. § 2255, even though it would be appropriate to dismiss it as successive, and even though defendant recognizes that forfeiture issues are not cognizable under § 2255.  (Doc. #186, pp. 2-3, 8.)  Clearly, construing the writ as a motion under § 2255 provides no greater relief.

Defendant argues that the criminal forfeiture must be vacated because it was not submitted to a jury, or knowingly, voluntarily, and intelligently agreed to by defendant despite the plain terms of the Plea Agreement.  During the plea colloquy, the Court specifically addressed the forfeiture provisions:

> THE COURT: There is a forfeiture provision that's contained within the indictment and I noted specifically in the plea agreement, you have agreed to forfeit certain properties; is that correct?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And those properties are listed on Pages 10, 11, and 12, and they deal mainly

with parcels of land that are located in Fort
Myers and Lehigh Acres; is that correct?

THE DEFENDANT: Yes, ma'am.

THE COURT: And those are all properties that
you have agreed that you will be forfeiting?

THE DEFENDANT: Yes, ma'am.

(Doc. #96, pp. 16-17.)  Defendant initialed each page of the Plea

Agreement, including the pages that listed the properties, and the

page that states that "defendant also hereby agrees that the

forfeiture described herein is not excessive and, in any event,

the defendant waives any constitutional claims that the defendant

may have that the forfeiture constitutes an excessive fine."

(Doc. #61-2, p. 12.)

Defendant argues that the waiver language in the Plea

Agreement does not preclude his argument to vacate the forfeiture

because the waiver does not encompass subsequent changes in the

law that support his argument that the forfeiture was not knowing

and voluntary.  (Doc. #186, pp. 10-11.)  Specifically, defendant

argues that the agreement to forfeit the properties was not

voluntary and knowing under Apprendi v. New Jersey, 530 U.S. 466,

490 (2000) ("any fact that increases the penalty for a crime beyond

the prescribed statutory maximum must be submitted to a jury, and

proved beyond a reasonable doubt"); S. Union Co. v. United States,

567 U.S. 343, 346 (2012) ("The Sixth Amendment reserves to juries

the determination of any fact, other than the fact of a prior

conviction, that increases a criminal defendant's maximum potential sentence."); and <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013) (same).

The Court finds no merit to this argument. First, forfeiture is authorized under its own statutory authority, and is not an element of the underlying offenses. <u>See</u> 21 U.S.C. § 853 and 18 U.S.C. § 982. Second, "[b]ecause forfeiture is a punishment and not an element of the offense", the Eleventh Circuit has specifically noted that it does not fall within the reach of <u>Apprendi</u>. <u>United States v. Cabeza</u>, 258 F.3d 1256, 1257 (11th Cir. 2001). Third, forfeiture is subject to a preponderance of the evidence standard of proof, not beyond a reasonable doubt, thereby further removing the issue from the cited line of cases. <u>United States v. Dicter</u>, 198 F.3d 1284, 1289 (11th Cir. 1999). Fourth, and perhaps most importantly, the United States Supreme Court has rejected defendant's position that the forfeiture must have been a knowing and voluntary part of the plea:

> We are unpersuaded that the Rule 11(f) inquiry is necessary to guarantee that a forfeiture agreement is knowing and voluntary. Whether a stipulated asset forfeiture is "factually based" is a distinct inquiry from the question whether the defendant entered an agreement to forfeit assets knowingly and voluntarily. Libretti correctly points out that Rule 11(f) is intended to ensure that a defendant's "plea of guilty" is knowing and voluntary. . . . But a "plea of guilty" and a forfeiture provision contained in a plea agreement are different matters altogether. Forfeiture, as we have

> said, is a part of the sentence. If the
> voluntariness of a defendant's concession to
> imposition of a particular sentence is
> questionable, the relevant inquiry is whether
> the sentencing stipulation was informed and
> uncoerced on the part of the defendant, not
> whether it is factually sound.

Libretti v. United States, 516 U.S. 29, 42 (1995). Defendant

waived his right to a jury trial when he entered a plea of guilty,

and forfeiture does not fall within the Sixth Amendment right to

a jury determination of guilt or innocence. Libretti, 516 U.S.

at 30.

Given well-established precedent, the Court finds that

defendant has failed to demonstrate that forfeiture involves a

matter of fact of the most fundamental character, or why relief

could not have been sought earlier than 2017.

Accordingly, it is hereby

**ORDERED:**

Defendant's Petition for Writ of Error Coram Nobis (Doc. #186)

is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day

of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 8 -